# Exhibit B

1 LATHAM & WATKINS LLP
   Susan S. Azad (California Bar No. 145471)
2   Patricia A. Eberwine (California Bar No. 258916)
   355 South Grand Ave.
3 Los Angeles, California 90071-1560
   Telephone: (213) 485-1234
4 Facsimile: (213) 891-8763
   susan.azad@lw.com
5 patricia.eberwine@lw.com
   Proposed Counsel for Defendant
6 DIGITAL GENERATION, INC. f/k/a
   DG FASTCHANNEL, INC.
7
   *Pro hac vice to be submitted for*
8 KILPATRICK TOWNSEND & STOCKTON LLP
   C. Allen Garrett Jr. (Georgia Bar No. 286335)
9 1100 Peachtree Street, Suite 2800
   Atlanta, Georgia 30309-4528
10 Telephone: (404) 815-6141
   Facsimilie: (404) 541-3211
11

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN W. BROWN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL GENERATION, INC. f/k/a DG FASTCHANNEL, INC., a Delaware Corporation,<br><br>Defendant. | Case No.: CV-11-10193 JHN (JCx)<br><br>**DEFENDANT DIGITAL GENERATION, INC.'S MOTION (A) TO STAY PENDING FIRST-FILED TEXAS ACTION'S DETERMINATION OF MOTION TO ENJOIN SECOND-FILED CALIFORNIA ACTION OR, IN THE ALTERNATIVE, (B) TO STAY, DISMISS, OR TRANSFER, WITH INCLUDED MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of C. Allen Garrett; and Exhibit filed concurrently herewith]<br><br>Hearing:<br>Date:       March 19, 2012<br>Time:       2:00 p.m.<br>Judge:      Hon. Jacqueline H. Nguyen<br>Courtroom:  Roybal 790 |

LA\2421632.1                                    DG'S MOTION TO STAY PENDING FIRST-FILED
                                                TEXAS ACTION'S DETERMINATION OF MOTION TO
                                                                                  ENJOIN, ETC

# TABLE OF CONTENTS

                                                      Page

I. INTRODUCTION ................................................................................................ 2

II. FACTUAL BACKGROUND ............................................................................... 4

    A. The Parties ................................................................................................. 4

    B. DG Commences Arbitration in Dallas and Files the First-Filed Texas Action ............................................................................... 4

    C. Mr. Brown's Second-Filed California Action ........................................... 5

III. ARGUMENT ........................................................................................................ 6

    A. This Court Should Stay Proceedings in This Action Pending Resolution of the Motion to Enjoin in the First-Filed Texas Action ........................................................................................ 6

    B. Alternatively, this Action Should be Stayed Pending Resolution of the Parties' Arbitration, Dismissed Without Prejudice to Mr. Brown, or Transferred to the Northern District of Texas for Consolidation With the First-Filed Texas Action ..................................................................................................... 8

        1. Mr. Brown's Challenges to the Restrictive Covenants and to the Arbitration Agreement Must Be Presented to the Arbitrator ..................................................... 8

        2. The Issue of Injunctive Relief in Aid of Arbitration Should be Resolved in the First-Filed Texas Action, and this Action Should be Stayed, Dismissed, or Transferred ....................................................... 10

IV. CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

Page

## CASES

Adam v. Jacobs,
  950 F.2d 89 (2d Cir. 1991) ............................................................................. 7

Alltrade, Inc. v. Uniweld Products, Inc.,
  946 F.2d 622 (9th Cir. 1991) .................................................................... 7, 11

AT&T Mobility LLC v. Concepcion,
  131 S. Ct. 1740 (2011) ................................................................................ 10

Blue Cove Corp. v. Odyssey Med., Inc.,
  No. 10cv2606-IEG(BGS), 2011 WL 1157866 (S.D. Cal. Mar. 28, 2011) ........ 7

Broadcom Corp. v. Qualcomm Inc.,
  No. SACV 05-468-JVS(MLGx), 2005 WL 5925585 (C.D. Cal. Sept. 26,
  2005) ............................................................................................................ 7

Buckeye Check Cashing, Inc. v. Cardegna,
  546 U.S. 440 (2006) ..................................................................................... 9

CMAX, Inc. v. Hall,
  300 F.2d 265 (9th Cir. 1962) ........................................................................ 6

Decker Coal Co. v. Commonwealth Edison Co.,
  805 F.2d 834 (9th Cir. 1986) ........................................................................ 7

Digital Generation, Inc., f/k/a DG FastChannel, Inc. v. Steven W. Brown,
  Case No. 3-11CV3414-M (N.D. Tex.) ...................................................... 1, 2

Herman v. YellowPages.com, LLC,
  Nos. 10cv0195 JAH(AJB) & 10cv0798 JAH(AJB), 2011 WL 1615174
  (S.D. Cal. Mar. 29, 2011) ............................................................................ 11

Kiland v. Boston Scientific Corp.,
  No. C 10-4105 SBA, 2011 WL 1261130 (N.D. Cal. Apr. 1, 2011) ................. 7

Kimble v. Rhodes College, Inc.,
  No. C-10-5786 EMC, 2011 WL 2175249 (N.D. Cal. June 2, 2011) .............. 9

Laguna v. Coverall North Am., Inc.,
  No. 09-cv-2131-JM, 2011 WL 3176469 (S.D. Cal. July 26, 2011) ................ 9

Case 3:11-cv-03414-M   Document 18-2   Filed 01/12/12   Page 5 of 17   PageID 519
Case 2:11-cv-10193-JHN-JC   Document 23   Filed 12/29/11   Page 4 of 16   Page ID #:839

*Landis v. North Am. Co.*,
    299 U.S. 248 (1936) .................................................................................. 6

*Levya v. Certified Grocers of California, Ltd.*,
    593 F.2d 857 (9th Cir. 1979) ..................................................................... 6

*Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*,
    No. CV 08-5773, 2009 WL 1010842 (N.D. Cal. Apr. 14, 2009) ............... 6

*Madrigal v. New Cingular Wireless Serv. Inc.*,
    No. 09-CV-00033, 2009 WL 25133478 (E.D. Cal. Aug. 17, 2009) ........ 10

*National Broom Co. of California, Inc. v. Brookstone Co., Inc.*,
    No. C 09-00959, 2009 WL 2365677 (N.D. Cal. July 30, 2009) ............... 6

*Pacesetter Systems, Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ........................................................... 7, 10, 11

*Rent-A-Center, West, Inc. v. Jackson*,
    130 S. Ct. 2772 (2010) ............................................................................... 9

*Sparling v. Hoffman Constr. Co., Inc.*,
    864 F.2d 635 (9th Cir. 1988) ................................................................... 10

*Visa USA, Inc. v. Maritz, Inc.*,
    No. C 07-05585 JSW, 2008 WL 744832 (N.D. Cal. Mar. 18, 2008) ...... 10

**STATUTES**

28 U.S.C. § 1404(a) ........................................................................................ 1

9 U.S.C. § 3 .................................................................................................... 3

**OTHER AUTHORITIES**

AAA Employment Arbitration Rule 6(a) ...................................................... 9

Fed. R. Civ. P. 12(b)(1) .................................................................................. 1

Fed. R. Civ. P. 12(b)(3) .................................................................................. 1

LA\2421632.1                    iii    DG'S MOTION TO STAY PENDING FIRST-FILED
                                       TEXAS ACTION'S DETERMINATION OF MOTION
                                                                  TO ENJOIN, ETC

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 19, 2012 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the above-entitled Court located at 255 East Temple Street, Los Angeles, California 90012, Defendant Digital Generation, Inc. ("DG") will and hereby does move: (a) to Stay Pending First-Filed Texas Action's Determination of Motion to Enjoin Second-Filed California Action or, in the Alternative, (b) to Stay, Dismiss, or Transfer this action.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the accompanying declaration of C. Allen Garrett and exhibit, and upon such additional evidence and oral argument that may be presented at the hearing on this Motion.

DG's primary motion to stay is based on its "Motion to Enjoin Second-Filed California Action," which it filed on December 22, 2011, in *Digital Generation, Inc., f/k/a DG FastChannel, Inc. v. Steven W. Brown*, Case No. 3-11CV3414-M (N.D. Tex.) Exhibit A to Declaration of C. Allen Garrett ("Garrett Decl.") ¶ 5. As set forth in that motion and below, "first-to-file" jurisprudence in both the Fifth and Ninth Circuit indicates that the "first-filed" action (here, DG's Texas action) not only should determine the merits of the parties' dispute (subject to limited exceptions not applicable here), it also should determine the proper disposition of competing federal actions (and, if appropriate, enjoin the later-filed action). Accordingly, DG respectfully requests that this Court briefly stay proceedings in this action to allow the Texas court to rule on DG's pending motion to enjoin.

DG's alternative motion is based on Federal Rules of Civil Procedure 12(b)(1) and (b)(3), the Federal Arbitration Act (9 U.S.C. §§ 3 & 4), the federal "first to file" rule, and 28 U.S.C. § 1404(a). Even if the Texas court does not enjoin this action (or if this Court refuses to wait on the Texas court to adjudicate DG's motion to enjoin), this Court should either stay this action pending the arbitration; dismiss this action without prejudice to Mr. Brown raising his claims in

LA\2421632.1

1   DG'S MOTION TO STAY PENDING FIRST-FILED TEXAS ACTION'S DETERMINATION OF MOTION TO ENJOIN, ETC

the pending arbitration or in DG's first-filed Texas Action, as appropriate; or transfer this action to the United States District Court for the Northern District of Texas, for consolidation with DG's first-filed Texas action.

DG conferred with counsel for Mr. Brown regarding the relief sought in this motion (as well as the relief sought in DG's motion to enjoin filed in the Texas action) on December 20, 2011. Garrett Decl. ¶¶ 3, 4.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is the third proceeding between these parties arising out of Plaintiff Steven Brown's decision to leave his position as Senior Vice President Global Operations & Affiliate Relations for DG to take a competing executive position with Javelin Distribution, LLC ("Javelin"), a direct competitor of DG in the highly concentrated market for delivering digital television advertising. Mr. Brown's new position with Javelin violates a non-competition provision and other restrictive covenants in Mr. Brown's "Employment Agreement" with DG, which he executed when he was promoted to his last position with DG, and pursuant to which he was exposed to DG's most competitively valuable confidential information and broadcast destination customer contacts.

Mr. Brown purported to resign from DG on November 7, 2011. After DG learned that Mr. Brown had taken a position with Deluxe Entertainment Services Group, Inc. ("Deluxe") (an entity that competes with DG in various markets and is one of the owners of Javelin), DG promptly initiated an arbitration against Mr. Brown on November 14, styled as *Digital Generation, Inc. v. Brown*, AAA No. 71-16667211 (the "Arbitration"). The Arbitration was filed in accordance with the arbitration agreement contained in the Employment Agreement.

DG then requested that Deluxe provide DG with information regarding Mr. Brown's new position. When no information was forthcoming, DG felt it had no choice but to file an action for injunctive relief in aid of the Arbitration in Texas

state court on December 5, which Mr. Brown removed on December 9. The first-filed Texas action, styled as *Digital Generation, Inc., f/k/a DG FastChannel, Inc. v. Steven W. Brown*, Case No. 3-11CV3414-M (N.D. Tex.) (the "First-Filed Texas Action"), was filed in accordance with the parties' arbitration agreement and is limited to the narrow issue of interim injunctive relief in aid of the Arbitration, to prevent the Arbitration from being rendered a nullity.

On December 8 (three days after DG initiated the First-Filed Texas Action), Mr. Brown filed the instant action in California state court (the "Second-Filed California Action"), which DG immediately removed to this Court. In this Second-Filed California Action, Mr. Brown asserts "mirror image" declaratory relief claims relative to the claims DG asserted in the Arbitration and the First-Filed Texas Action, essentially asking this Court to declare Mr. Brown's restrictive covenants and the parties' arbitration agreement invalid.

Mr. Brown also filed an *Ex Parte* Application for a Temporary Restraining Order with this Court. This Court promptly denied Mr. Brown's *Ex Parte* Application on the grounds he had failed to show a likelihood of success on the merits of his claims. This Court also acknowledged that the First-Filed Texas Action was the first-filed litigation between the parties.

In light of this Court's ruling, DG asked Mr. Brown if he voluntarily would dismiss this Second-Filed California Action. Counsel for Mr. Brown, however, indicated an intent to file another motion challenging Mr. Brown's arbitration agreement in this Court. Accordingly, on December 22, DG moved the Texas court to enjoin any further proceedings in this Second-Filed California Action pending the Texas court's resolution of the injunction motion ("Motion to Enjoin") (copy attached as Exhibit A).

DG now moves this Court to stay further proceedings in this Second-Filed California Action pending the First-Filed Texas Action's resolution of the Motion to Enjoin. This stay should be brief and would be without prejudice to Mr. Brown

presenting to the Texas court his arguments as to why he should be allowed to maintain this duplicative action. Alternatively, DG moves to stay further proceedings pending the arbitration pursuant to 9 U.S.C. § 3; to dismiss this case in light of the pending Arbitration and First-Filed Texas Action; or to transfer this action to the United States District Court for the Northern District of Texas, for consolidation with the First-Filed Texas Action.

## II. FACTUAL BACKGROUND

### A. The Parties

DG is a Texas-based company engaged in the delivery of digital television advertising to advertisers, agencies, broadcast stations, television networks, and cable systems across the globe, with the bulk of its business in the United States and Canada.

Mr. Brown has been an employee of DG since 1994 (Mr. Brown initially was employed by Vyvx, Inc., which was acquired by DG in 2008). In September 2010, Mr. Brown was promoted to Senior Vice President Global Operations & Affiliate Relations for DG and executed the Employment Agreement at issue in the proceedings between the parties.

On November 7, 2011, Mr. Brown submitted a purported letter of resignation, later informing DG he had taken a position with Deluxe. DG subsequently learned Mr. Brown had become the General Manager of Javelin, one of the few direct competitors of DG in the highly concentrated market for delivering digital television advertising. Mr. Brown's new senior executive position with Javelin constitutes one of the handful of jobs in the world that is directly competitive with his former senior executive position with DG.

### B. DG Commences Arbitration in Dallas and Files the First-Filed Texas Action.

The Employment Agreement requires Mr. Brown and DG to submit all disputes arising out of the Agreement to binding arbitration. The only exception is

1  a provision allowing judicial injunctive relief relative to violations of the restrictive
2  covenants.
3      DG filed its Demand for Arbitration against Mr. Brown on November 14,
4  2011. When Mr. Brown refused to provide information regarding his new
5  position, DG filed the First-Filed Texas Action on December 5, seeking interim
6  judicial injunctive relief in aid of the Arbitration.
7  **C.    Mr. Brown's Second-Filed California Action**
8      On December 8, three days after DG filed the First-Filed Texas Action, Mr.
9  Brown filed an action in California state court, which DG immediately removed to
10 this Court. Mr. Brown's complaint in the Second-Filed California Action
11 essentially asserts "mirror image" declaratory claims relative to DG's substantive
12 claims in the Arbitration and the First-Filed Texas Action. *See* Verified Compl.
13     Mr. Brown also filed an *Ex Parte* Application for a TRO. On December 14,
14 this Court denied Mr. Brown's *Ex Parte* Application. *See* Minute Order [Dkt. No.
15 21]. This Court held Mr. Brown "failed to demonstrate a likelihood of success on
16 the merits" because (a) the parties' Employment Agreement contains an arbitration
17 clause and a Texas choice-of-law clause, with the result that "Plaintiff cannot show
18 that he is likely to prevail in maintaining this litigation, much less succeed on the
19 merits" (*id.* at 3); and (b) "the 'first-to-file' doctrine may apply in this case, thus
20 counseling in favor of dismissing this action so that it can be resolved by the
21 United States District Court for the Northern District of Texas." *Id.*
22     With respect to the First-Filed Texas Action, this Court stated:
23       [T]he Texas Action, currently pending before the United States
24       District Court for the Northern District of Texas, was filed first
25       . . . . Moreover, the Texas Action and the instant action involve
26       virtually identical parties and issues. Both involve only [Mr.
27       Brown] and [DG], and concern whether [Mr. Brown] is in
28

LA\2421632.1     5    DG'S MOTION TO STAY PENDING FIRST-FILED
TEXAS ACTION'S DETERMINATION OF MOTION
TO ENJOIN, ETC

breach of the [Employment] Agreement, and whether the dispute should be resolved by a court, or through arbitration.

*Id.* at 4. Accordingly, this Court held the "first to file" rule "further demonstrates [Mr. Brown's] inability to show that he is likely to prevail on the merits." *Id.*

Based on this Court's Minute Order, DG asked Mr. Brown whether he intended voluntarily to dismiss this Second-Filed California Action. Mr. Brown indicated he would file another motion relative to the arbitration agreement in this Second-Filed California Action, necessitating DG's filing of (1) a Motion to Enjoin Second-Filed California Action, which DG filed in the First-Filed Texas Action on December 22 (Exhibit A), and (2) this motion to stay pending resolution of the Motion to Enjoin or, in the alternative, to stay, dismiss, or transfer this action.

### III. ARGUMENT

#### A. This Court Should Stay Proceedings in This Action Pending Resolution of the Motion to Enjoin in the First-Filed Texas Action

The "power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *National Broom Co. of California, Inc. v. Brookstone Co., Inc.*, No. C 09-00959, 2009 WL 2365677, at *1 (N.D. Cal. July 30, 2009) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). "'The exercise of this power calls for the exercise of a sound discretion.'" *Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

In deciding whether to grant a stay, the court is to consider (1) the "possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay." *Id.* at *2. A court's discretion to stay in favor of other pending proceedings

1  "applies whether the separate proceedings are judicial, administrative, or arbitral
2  in character." *Levya v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-
3  64 (9th Cir. 1979). A stay is particularly appropriate in declaratory judgment
4  actions. *Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, No. CV 08-5773,
5  2009 WL 1010842, at *4 (N.D. Cal. Apr. 14, 2009).

6  In this case, there is no possible damage to Mr. Brown from a stay pending
7  resolution of the Motion to Enjoin, because he can present all of his arguments for
8  maintaining this duplicative action in the First-Filed Texas Action. Conversely,
9  forcing DG to incur duplicative litigation expenses in connection with this action
10 while the Motion to Enjoin is pending would cause great hardship and inequity to
11 DG. Finally, the orderly course of justice dictates that the court in the First-Filed
12 Texas Action determine the proper disposition of the competing actions and
13 whether to enjoin this action. *See, e.g., Kiland v. Boston Scientific Corp.*, No. C
14 10-4105 SBA, 2011 WL 1261130, at *6 (N.D. Cal. Apr. 1, 2011) (enjoining
15 second-filed action) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805
16 F.2d 834, 843-44 (9th Cir. 1986) ("When a district has jurisdiction over all parties
17 involved, it may enjoin later filed actions"), and *Broadcom Corp. v. Qualcomm
18 Inc.*, No. SACV 05-468-JVS(MLGx), 2005 WL 5925585, at *2 (C.D. Cal. Sept.
19 26, 2005) ("Absent special circumstances, the first case should proceed while the
20 second case is enjoined."); *see also Blue Cove Corp. v. Odyssey Med., Inc.*, No.
21 10cv2606-IEG(BGS), 2011 WL 1157866 (S.D. Cal. Mar. 28, 2011) (recognizing
22 issues regarding propriety of proceeding in first-filed action "should be addressed
23 in the first instance by the court in which the first action was commenced")
24 (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991),
25 and *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982));
26 *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991) (stating the "normal chronology"
27 would be for the first-filed court to enjoin the second-filed court).
28

Accordingly, this Second-Filed California Action should be stayed pending resolution of the Motion to Enjoin filed by DG in the First-Filed Texas Action.

**B. Alternatively, this Action Should be Stayed Pending Resolution of the Parties' Arbitration, Dismissed Without Prejudice to Mr. Brown, or Transferred to the Northern District of Texas for Consolidation With the First-Filed Texas Action**

Mr. Brown seeks two forms of relief in this action: (a) a declaration invalidating the restrictive covenants sought to be enforced in the Arbitration; and (b) a declaration invalidating the arbitration agreement itself. Under settled federal arbitrability authority and in accordance with the arbitral rules selected by the parties, however, these issues must be presented to and resolved by the arbitrator. With respect to the sole issue appropriate for judicial resolution—an interim injunction in aid of the arbitration—that issue must be decided in the first-filed Texas Action. Accordingly, assuming the Court does not stay proceedings pending resolution of the Motion to Enjoin in the First-Filed Texas Action, it should stay proceedings pending the arbitration; dismiss this action without prejudice to Mr. Brown raising his arguments in the pending Arbitration or in the First-Filed Texas Action; or transfer this litigation for consolidation with the First-Filed Texas Action.

**1. Mr. Brown's Challenges to the Restrictive Covenants and to the Arbitration Agreement Must Be Presented to the Arbitrator**

The parties agreed that "any dispute or controversy arising out of, relating to, or concerning any interpretation, construction, performance or breach" of the Employment Agreement would be "exclusively settled by final and binding arbitration to be held in Dallas, Texas." *See* Employment Agreement (Verified Compl. Ex. A) § 26. In accordance with this provision, DG commenced the Arbitration against Mr. Brown, asserting breach of his non-competition provision

1 and seeking to enforce his restrictive covenants, including his covenants not to
2 solicit DG's customers and not to use or disclose DG's confidential information.
3      In this action, Mr. Brown seeks declaratory and injunctive relief predicated
4 on his contentions that the restrictive covenants and the arbitration provision in the
5 Employment Agreement are invalid. *See* Verified Compl. Mr. Brown's
6 challenges to the restrictive covenants are "mirror images" of DG's claims in the
7 Arbitration, because Mr. Brown seeks to invalidate the same restrictive covenants
8 DG seeks to enforce in the Arbitration. Because these challenges concern
9 provisions of the Employment Agreement other than the arbitration clause, they
10 must be presented to the arbitrator. *See, e.g., Buckeye Check Cashing, Inc. v.*
11 *Cardegna*, 546 U.S. 440, 449 (2006) (reaffirming federal arbitrability rule that,
12 where challenge is not "specifically to the arbitration clause," it must "go to the
13 arbitrator"); *Rent-A-Center, West, Inc. v. Jackson*, 130 S. Ct. 2772, 2778 (2010)
14 (describing *Buckeye Check Cashing* as holding that "a party's challenge to another
15 provision of the contract, or to the contract as a whole, does not prevent a court
16 from enforcing a specific agreement to arbitrate").
17      Mr. Brown also purports to challenge the arbitration agreement itself, on the
18 ground it is unconscionable. This claim, however, also must be presented to the
19 arbitrator, because the parties' arbitration agreement delegates arbitrability disputes
20 to the arbitrator. *See Rent-A-Center*, 130 S. Ct. at 2778-79 (extending the
21 "severability" rule to require challenges to validity of arbitration agreement as a
22 whole to be presented to arbitrator, where parties' arbitration agreement delegated
23 such issues to arbitrator). The parties' arbitration agreement provided the
24 Arbitration would be administered "by the American Arbitration Association
25 (AAA) pursuant to its national rules then in effect." Employment Agreement
26 (Verified Compl., Ex. A) ¶ 26. The AAA's rules unambiguously commit
27 arbitrability disputes to the arbitrator: "The arbitrator shall have the power to rule
28 on his or her own jurisdiction, ***including any objections with respect to the***

LA\2421632.1      9      DG'S MOTION TO STAY PENDING FIRST-FILED
TEXAS ACTION'S DETERMINATION OF MOTION
TO ENJOIN, ETC

1  *existence, scope or validity of the arbitration agreement.*" AAA Employment
2  Arbitration Rule 6(a) (emphasis added). As numerous Ninth Circuit district courts
3  have recognized, this language and similar language in other AAA rules
4  unambiguously delegates arbitrability issues to the arbitrator.[1]
5       Accordingly, all of Mr. Brown's challenges to the validity of various
6  provisions in his Employment Agreement must be presented to and decided by
7  the arbitrator, and thus this litigation should be stayed or dismissed.[2]

8    **2. The Issue of Injunctive Relief in Aid of Arbitration Should be**
9        **Resolved in the First-Filed Texas Action, and this Action Should**
10        **be Stayed, Dismissed, or Transferred**

11      The only exception to the broad arbitration clause is the provision allowing
12 "injunctive relief in any court of competent jurisdiction to prevent any
13 continuance of any violation of" Mr. Brown's restrictive covenants. *See*
14 Employment Agreement (Verified Compl. Ex. A) § 26. In accordance with this
15 provision, DG filed its First-Filed Texas Action on December 5, seeking

---

[1] *See, e.g., Laguna v. Coverall North Am., Inc.*, No. 09-cv-2131-JM, 2011 WL 3176469, *4 (S.D. Cal. July 26, 2011) (holding arbitrability must be decided by arbitrator where incorporated arbitration rules provide that "the arbitrator will decide the issue of arbitrability"); *Kimble v. Rhodes College, Inc.*, No. C-10-5786 EMC, 2011 WL 2175249, *2 (N.D. Cal. June 2, 2011) (holding incorporation of AAA rules "constitutes a clear and unmistakable expression of intent to arbitrate arbitrability"); *Madrigal v. New Cingular Wireless Serv. Inc.*, No. 09-CV-00033, 2009 WL 25133478, *5-6 (E.D. Cal. Aug. 17, 2009) (holding incorporation of AAA rules delegated disputes as to scope of arbitration agreement to the arbitrator); *Visa USA, Inc. v. Maritz, Inc.*, No. C 07-05585 JSW, 2008 WL 744832, *5 (N.D. Cal. Mar. 18, 2008) (holding claim of fraud in inducement of arbitration agreement itself had been delegated to arbitrator through selection of AAA rules).

[2] In *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748 (2011), the Supreme Court held that the FAA "requires courts to stay litigation of arbitral claims pending arbitration of those claims 'in accordance with the terms of the agreement.'" Where, however, "all claims are barred by an arbitration clause," the Ninth Circuit has held that district courts have discretion to dismiss the litigation entirely. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

1 preliminary injunctive relief in aid of the pending Arbitration. Three days later, on December 8, Mr. Brown filed this "mirror image" declaratory judgment action.

As the Ninth Circuit repeatedly has held, "there is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted); *see also, e.g., Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991). Thus, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter*, 678 F.2d at 95 (citations omitted). Application of the "first-filed" rule is particularly appropriate where, as here, the first-filed action is filed by the party asserting substantive claims (DG), while the second-filed action (filed by Mr. Brown) is a declaratory judgment action that "attempts to remove ongoing litigation from the forum chosen by the plaintiff." *Id.* at 97.

In this case, the criteria for application of the first-filed rule easily are satisfied, as both the Texas Action and this action involve the same parties and the same issues. Moreover, DG's First-Filed Texas Action presents substantive claims (for injunctive relief in aid of the pending Arbitration), whereas this action by Mr. Brown seeks a declaration that the contractual provisions on which DG relies are invalid. Accordingly, pursuant to the first-filed rule, any claims for injunctive relief relative to the pending arbitration should be presented in DG's Texas Action, and this duplicative declaratory judgment action should be stayed, dismissed, or transferred. *See, e.g., Herman v. YellowPages.com, LLC*, Nos. 10cv0195 JAH(AJB) & 10cv0798 JAH(AJB), 2011 WL 1615174, at *2 (S.D. Cal. Mar. 29, 2011) (court presented with second-filed action "may transfer, stay, or dismiss" the action) (citing *Alltrade*, 946 F.2d at 623).

## IV. CONCLUSION

For the foregoing reasons and the reasons to be stated at any hearing on this matter, this Court should stay proceedings in this action pending resolution of the Motion to Enjoin in the First-Filed Texas Action or, in the alternative, stay proceedings pending resolution of the parties' Arbitration, dismiss the proceedings without prejudice, or transfer this action to the Northern District of Texas for consolidation with the First-Filed Texas Action.

Dated: December 29, 2011

LATHAM & WATKINS LLP
Susan S. Azad
Patricia A. Eberwine

By: /s/
Susan S. Azad
Counsel for Defendant
Digital Generation, Inc.